# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Carrasco Gamez, Jr., <br><br> Plaintiff, <br><br> v. <br><br> United States of America, et al., <br><br> Defendants. | No. CV-17-02044-PHX-JJT (ESW) <br><br> **REPORT AND RECOMMENDATION** |

**TO THE HON. JOHN J. TUCHI: UNITED STATES DISTRICT COURT JUDGE:**

By separate Order (Doc. 57), the undersigned granted Plaintiff's request to file a Third Amended Complaint. The undersigned issued a Screening Order requiring all Defendants except Defendant United States of America to answer the Third Amended Complaint. (Doc. 60). For the following reasons, the undersigned recommends that the Court dismiss Defendant United States of America from this action.

The Third Amended Complaint is brought under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Count One of the Third Amended Complaint presents an access-to-courts claim. In Count One, Plaintiff alleges that certain Defendants employed by the Federal Bureau of Investigation ("FBI"), Arizona Department of Corrections, and the Arizona Attorney General's Office jointly seized boxes containing Plaintiff's legal documents, which resulted in the U.S. Supreme Court's dismissal of Plaintiff's petition for writ of certiorari and prevented Plaintiff from

filing a civil rights complaint that is now barred by the statute of limitations. (Doc. 58 at 6-15). The undersigned found that Count One contained sufficient factual allegations to survive screening. (Doc. 58).

Under the doctrine of federal sovereign immunity, a *Bivens* action will not lie against the United States or agencies of the United States. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995). The undersigned therefore recommends that the Court dismiss the United States from this action.

Further, "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) (internal quotation marks and citation omitted). "By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action." *Id.* This is because "a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity[.]" *Id.* at 1095 (quoting *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007)); *see also Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity[.]"). Accordingly, to the extent that Defendant FBI agents B. Jacobs and Hughes are sued in their official capacities, such claims also are barred by the doctrine of sovereign immunity.

Based on the foregoing,

**IT IS RECOMMENDED** that the Court dismiss Defendant United States of America from this action.

**IT IS FURTHER RECOMMENDED** that the Court dismiss Defendant FBI agents B. Jacobs and Hughes from this action to the extent they are sued in their official capacities.

The above recommendations are not orders that are immediately appealable to the

Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 26th day of April, 2018.

_____
Eileen S. Willett
United States Magistrate Judge