WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Carrasco Gamez, Jr., | No. CV-17-02044-PHX-JJT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

This Order sets forth the Court's rulings on a number of pending Motions (Docs. 79, 85, 97, 98, 109, 112, 125, and 129).

## I. DISCUSSION

### A. Plaintiff's "Motion to Request a Discovery Conference" (Doc. 79)

On March 13, 2018, Plaintiff filed a Motion (Doc. 49) requesting a discovery conference. The Court granted the Motion (Doc. 49) and held a discovery conference on May 10, 2018 (Docs. 57, 76). On May 23, 2018, Plaintiff filed another Motion (Doc. 79) requesting a discovery conference. Plaintiff seeks an order compelling Defendant Ryan to respond to Plaintiff's Second Request for Production of Documents. (*Id.* at 2).

On June 13, 2018, defense counsel filed a Notice of Service (Doc. 102) stating that Defendant Ryan served his responses to Plaintiff's Second Request for Production of Documents on June 12, 2018. Plaintiff subsequently filed a "Written Notice that Defendant(s) Ryan, Pratt, Corizon and Elijah Non-Compliance with Notice of Service

('see: dkt. 102')" (Doc. 113). In his June 21, 2018 Response (Doc. 114) to the Notice (Doc. 113), defense counsel stated that Defendant Ryan's responses to Plaintiff's Second Request for Production of Documents were re-sent to Plaintiff. The Court will deny Plaintiff's May 23, 2018 "Motion to Request a Discovery Conference" (Doc. 79).

**B. Plaintiff's "Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37" (Doc. 85)**

On May 29, 2018, Plaintiff filed a "Motion to Compel Discovery" (Doc. 85). The Court's Scheduling Order (Doc. 31 at 3) advises the parties that the Court will not consider a motion regarding discovery matters unless (i) the parties have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j) and (ii) the parties have participated in a discovery conference with the Court. Plaintiff did not seek leave of Court prior to filing his Motion to Compel (Doc. 85).

Further, the Scheduling Order provides that if "the Court finds during the discovery conference that a briefing of the discovery dispute is necessary, the parties are instructed that motions, responses, and replies <u>shall not exceed six pages each</u>, and must comply with Federal Rule of Civil Procedure 37 and Local Rule of Civil Procedure 37.1." (Doc. 31 at 3) (emphasis added). In violation of this provision, Plaintiff has filed a total of twelve pages of briefing in support of his Motion to Compel.[1] The Scheduling Order advises in bold letters that a non-compliant request for a discovery conference may be stricken from the record. (*Id.*).

For the above reasons, the Court will strike Plaintiff's Motion to Compel (Doc. 85).

**C. Plaintiff's June 7, 2018 "Motion to Request a Discovery Conference" (Doc. 97)**

On June 7, 2018, Plaintiff filed a third "Motion to Request a Discovery

---

[1] Excluding exhibits, Plaintiff's Motion to Compel (Doc. 85) is five pages. Attached to the Motion to Compel is a seven-page "Declaration of Support of Motion to Compel" (*Id.* at 7-13).

Conference" (Doc. 97). Plaintiff requests a discovery conference "to compel Defendant Pratt to respond to the Interrogatories Request ('First Request')." (*Id.* at 2). The docket reflects that Defendant Pratt served his responses to Plaintiff's "First Request for Uniform" on June 13, 2018. (Doc. 103; Doc. 111-1 at 14-19). Plaintiff's June 7, 2018 "Motion to Request a Discovery Conference" (Doc. 97) will be denied as moot.

### D. Plaintiff's June 8, 2018 "Motion to Request a Discovery Conference" (Doc. 98)

In his fourth "Motion to Request a Discovery Conference," Plaintiff requests a discovery conference "to compel Defendant Corizon to Respond/Answer the Interrogatory Request ('First Request')." (Doc. 98 at 2). Defense counsel has submitted a copy of Defendant Corizon's responses to Plaintiff's First Request for Interrogatories. (Doc. 111-1 at 2-12). After reviewing Plaintiff's Motion (Doc. 98) and Defendant Corizon's responses to Plaintiff's First Request for Interrogatories, the Court does not find that Plaintiff has shown that Defendant Corizon's objections to Plaintiff's interrogatories are so lacking in merit so as to warrant a discovery conference at this time. Plaintiff's Motion (Doc. 98) will be denied without prejudice. The Court will give Plaintiff leave to re-file the Motion to explain why Defendant Corizon's objections are deficient. For purposes of this discovery dispute only, Plaintiff's re-filed Motion may be up to six pages.[2] A six-page response and six-page reply may be filed within the times set forth in Local Rule of Civil Procedure 7.2(c) and (d).

### E. Plaintiff's "Request Leave from Court to Obtain Subpoena for Production of Documents and Tangible Things Pursuant to Fed. R. Civ. P. 45" (Doc. 109)

In his June 18, 2018 Motion (Doc. 109), Plaintiff requests the issuance of subpoenas duces tecum to be served on five non-parties.

A subpoena issued pursuant to Federal Rule of Civil Procedure 45 is subject to the permissible scope of discovery set forth in Federal Rule of Civil Procedure 26. *See*

---

[2] The Scheduling Order provides that a request for a discovery conference shall be no longer than two pages. (Doc. 31 at 3).

Advisory Committee's Notes to Fed. R. Civ. P. 45 (1970 Amendments) ("The changes make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). Rule 26(b) provides for a broad scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Rule 26(b)(2)(C) requires the Court, on motion or on its own, to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

As service of process has been returned unexecuted as to Defendant Osgood for the reason that Defendant Osgood is "no longer w/ organization" (Doc. 88), the Court finds that the request in Plaintiff's proposed subpoenas duces tecum for Defendant Osgood's last known address is relevant. The Court will direct Defendant Corizon to file under seal Defendant Osgood's last known address. The Court finds that the remaining requests contained in Plaintiff's proposed subpoenas duces tecum are overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff's Motion (Doc. 109) will be denied.

### F. Plaintiff's "Motion for Amendment of Scheduling Order Pursuant to Fed. R. Civ. P. 16(B)(6)" (Doc. 112)

Plaintiff seeks a sixty day extension of his initial disclosure deadline. Defendants have not responded and the time to do so has passed. *See* LRCiv 7.2(i). For good cause shown, the Court will grant Plaintiff's "Motion for Amendment of Scheduling Order Pursuant to Fed. R. Civ. P. 16(B)(6)" (Doc. 112).

### G. Plaintiff's June 27, 2018 Letter to the Clerk of Court (Doc. 125)

On May 8, 2018, service of process was returned unexecuted as to Defendants Garcia and Allen. (Docs. 72, 73). The Process Receipt and Return for Defendant Garcia states "per DOC legal need more information to serve too many personnel with that name." (Doc. 72). The Process Receipt and Return for Defendant Allen states "per DOC legal need more information to serve." (Doc. 73). On June 20, 2018, service of a

- 4 -

subpoena duces tecum was returned unexecuted as to Arizona Attorney General Mark Bronvich. (Doc. 116).

On June 27, 2018, the Clerk of Court docketed a letter Plaintiff sent to the Clerk of Court.[3] (Doc. 125). Plaintiff states that he is "resubmitting the summons for unserved defendants, for R. Garcia #3901 and J. Allen #3865 . . . ." (*Id.* at 1). Plaintiff also states that he has "corrected the deficiencies in the subpoena sent to Arizona Attorney General Mr. Mark Bronvich and I am resubmitting it for delivery." (*Id.*). The Court will direct the Clerk of Court to prepare and forward to the U.S. Marshals Service ("USMS") service packets for Defendants Garcia and Allen that include the updated service information provided by Plaintiff.[4] The Court will also direct the Clerk of Court to forward to the USMS the corrected subpoena duces tecum to be served on Arizona Attorney General Mark Brnovich.

### H. Plaintiff's "Motion to Appoint Expert Witnesses Pursuant to Fed. R. Evid. 706(A)" (Doc. 129)

In his July 2, 2018 Motion, Plaintiff requests that the Court "appoint expert witnesses." (Doc. 129 at 1).

Rule 702 of the Federal Rules of Evidence provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002). Expert witnesses, however, cannot be appointed solely to aid a litigant in presenting his or her case. Expert witnesses

---

[3] The letter is docketed as a "Motion Status of Service re: R. Garcia, J. Allen, Rastogi, B. Jacobs, Mikayla Hughes and Subpoena for Brnovich."

[4] Also attached to Plaintiff's letter is service information for Defendants Rastogi, Jacobs, and Hughes, but those Defendants have now been served (Docs. 124, 130, 137).

- 5 -

can be only appointed where necessary to aid the court. *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (stating that "the plain language of [28 U.S.C. § 1915] does not provide for the appointment of expert witnesses to aid an indigent litigant"). "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." WRIGHT & MILLER, 29 FED. PRAC. & PROC. EVID. § 6304 (2004).

The Court finds that Plaintiff's allegations in his Third Amended Complaint (Doc. 58) are not so complicated as to require the appointment of an expert witness to assist the Court. *See, e.g.*, *Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997) (recognizing that deliberate indifference claims are based upon a subjective state of mind, and thus do normally not require the kind of objective, expert testimony required in a malpractice action). Plaintiff's Motion (Doc. 129) will be denied.

## **II. CONCLUSION**

**IT IS ORDERED** denying Plaintiff's "Motion to Request a Discovery Conference" (Doc. 79).

**IT IS FURTHER ORDERED** striking Plaintiff's "Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37" (Doc. 85).

**IT IS FURTHER ORDERED** denying Plaintiff's June 7, 2018 "Motion to Request a Discovery Conference" (Doc. 97) as moot.

**IT IS FURTHER ORDERED** denying without prejudice Plaintiff's June 8, 2018 "Motion to Request a Discovery Conference" (Doc. 98). Plaintiff may re-file the Motion to explain why Defendant Corizon's objections to Plaintiff's First Request for Interrogatories are deficient. For purposes of this discovery dispute only, Plaintiff's re-filed Motion **shall not exceed six pages**. A response and reply may be filed within the times set forth in Local Rule of Civil Procedure 7.2(c) and (d). Any response and reply filed **shall not exceed six pages**.

**IT IS FURTHER ORDERED** denying Plaintiff's "Request Leave from Court to Obtain Subpoena for Production of Documents and Tangible Things Pursuant to Fed. R.

Civ. P. 45" (Doc. 109).

**IT IS FURTHER ORDERED** that by **August 3, 2018**, Defendant Corizon shall file under seal Defendant Osgood's last known address. Upon the filing of the information, the Clerk of Court is directed to prepare and forward to the USMS a service packet for Defendant Osgood in accordance with the Court's April 24, 2018 Order (Doc. 60).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion for Amendment of Scheduling Order Pursuant to Fed. R. Civ. P. 16(B)(6)" (Doc. 112). Plaintiff's initial disclosure deadline is extended to **September 18, 2018**.

**IT IS ORDERED** granting the requests contained in Plaintiff's June 27, 2018 letter to the Clerk of Court (Doc. 125) to the extent set forth herein.

**IT IS FURTHER ORDERED** directing the Clerk of Court to prepare and forward to the USMS service packets for Defendants Garcia and Allen that include the updated service information provided by Plaintiff in his June 27, 2018 letter (Doc. 125 at 3-6). Service shall be completed in accordance with the Court's April 24, 2018 Order (Doc. 60).

**IT IS FURTHER ORDERED** directing the Clerk of Court to forward to the USMS the corrected subpoena duces tecum attached to Plaintiff's June 27, 2018 letter (Doc. 125 at 13-22) to be served on Arizona Attorney General Mark Brnovich.

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Appoint Expert Witnesses Pursuant to Fed. R. Evid. 706(A)" (Doc. 129).

Dated this 19th day of July, 2018.

_____
Eileen S. Willett
United States Magistrate Judge