**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Carrasco Gamez, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>Defendants. | No. CV-17-02044-PHX-JJT (ESW)<br><br>**ORDER** |

This Order sets forth the Court's rulings on a number of pending Motions (Docs. 207, 209, 212, 216, 217, 219, 221, 225, 239).

## **I. DISCUSSION**

### **A. Plaintiff's "Motion to Stay Proceedings [until] Arizona Department of Corrections ('ADC') has fixed Electronic Filing Program" (Doc. 207)**

In his September 21, 2018 Motion, Plaintiff indicates that as a result of technological issues with respect to the electronic filing program, he did not receive a copy of the Court's August 29, 2018 Order (Doc. 185). That Order set September 19, 2018 as the deadline for Plaintiff to file, in accordance with ARIZ. REV. STAT. § 12-2603(A), a written certification stating whether expert testimony is necessary to prove the healthcare professional standard of care for his medical malpractice claim in Count Three of the Third Amended Complaint. The Court subsequently issued another Order extending the deadline to October 5, 2018 after it became aware that Plaintiff may not have timely received the Court's August 29, 2018 Order. (Doc. 208). Plaintiff's Motion

(Doc. 207) will be denied as moot.

**B. Plaintiff's "Motion to Enforce Court Ruling ('dkt. 143')" (Doc. 209)**

In his September 26, 2018 Motion, Plaintiff requests "that USMS service packets be prepared for Osgood, Ducey, T. Taylor and Marquis Software." (Doc. 209 at 3). Pursuant to the Court's Order (Doc. 143), Defendants filed under seal the last known address for Defendant Osgood. (Doc. 153). A service packet was prepared and forwarded to the U.S. Marshals Service ("USMS"). On September 13, 2018, service was returned unexecuted as to Defendant Osgood. (Doc. 198). Plaintiff's Motion (Doc. 209) is denied as moot as to Defendant Osgood. Plaintiff's Motion is denied as to Ducey, T. Taylor, and Marquis Software as they are not Defendants in this action.[1]

**C. Plaintiff's "Motion to Appoint Counsel ('Third Request')" (Doc. 212)**

The Court has reviewed Plaintiff's third Motion to Appoint Counsel (Doc. 212). As previously explained to Plaintiff (Doc. 10 at 12), there is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court may appoint counsel for indigent civil litigants only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). On September 12, 2017 and May 10, 2018, the Court did not find that exceptional circumstances existed in this case that warranted the appointment of counsel. (Docs. 10, 76). Plaintiff's statements in his September 21, 2018 Motion (Doc. 212) do not alter those findings. Accordingly, the Court will deny Plaintiff's third Motion to Appoint Counsel (Doc. 212).

**D. Plaintiff's "Request to Disqualify Joseph E. Deylo as Counsel of Record for Defendant Allen and Garcia" (Doc. 216) and "Request to Disqualify the Law Office of Renaud Cook Drury Mesaros PA" (Doc. 221)**

In October 2018, Plaintiff filed two documents captioned as "Request to

---

[1] The Court struck Plaintiff's Notices of Substitution (Docs. 172, 177, 178) identifying Governor Douglas Ducey to be substituted for John Doe #10, Tammy Taylor to be substituted for Jane Doe #12, and Marquis Software to be substituted for Jane/John Doe #11. (Doc. 206 at 3).

Disqualify Joseph E. Deylo as Counsel of Record for Defendant Allen and Garcia" (Doc. 216) and "Request to Disqualify the Law Office of Renaud Cook Drury Mesaros PA" (Doc. 221). Plaintiff previously filed a similar Request (Doc. 196) seeking to disqualify Coleen P. Schoch as counsel of record for Defendants Hughes and Jacobs, which the Court denied (Doc. 213).

As the Court explained in its prior Order (Doc. 213 at 2), motions to disqualify counsel are "subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (quotations omitted). Disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983). To be justified, a motion to disqualify must be based on present concerns and not concerns which are merely anticipatory and speculative. *In regarding Coordinated Pretrial Proceedings, etc.*, 658 F.2d 1355, 1361 (9th Cir. 1981).

The Court does not find good cause to disqualify Joseph E. Deylo and Renaud Cook Drury Mesaros PA as counsel of record. Plaintiff's Requests (Docs. 216, 221) will be denied.

**E. Defendants Allen and Garcia's "Motion to Extend Discovery Deadline and Dispositive Motion Deadline" (Doc. 217) and Plaintiff's "Motion for Extention of Time to Complete Discovery on All Defendants including 'Corizon Defendants'" (Doc. 225)**

The Court has reviewed Defendants Allen and Garcia's "Motion to Extend Discovery Deadline and Dispositive Motion Deadline" (Doc. 217) and the Corizon Defendants' Response (Doc. 218).[2] The Court required Defendants Allen and Garcia to only answer the access-to-courts claim in Count One of the Third Amended Complaint. (Doc. 60). For good cause shown, Defendants Allen and Garcia's Motion (Doc. 217) will be granted. The Court will extend the deadline for completing discovery as to Count One to **January 31, 2019**. The Court will extend the deadline for filing dispositive motions

---

[2] Plaintiff did not respond to Defendants Allen and Garcia's Motion (Doc. 217). Defendants Allen and Garcia did not reply to the Corizon Defendants' Response (Doc. 218).

relating to Count One to **February 28, 2019**.

The Court has reviewed Plaintiff's October 23, 2018 Motion (Doc. 225) seeking an extension of the discovery deadline as to all claims. The Court does not find good cause to extend the discovery deadline as to all claims. Plaintiff's Motion (Doc. 225) will be denied.

### F. Plaintiff's "Motion for Leave to File a Supplemental Pleading Pursuant to Fed. R. Civ. P. 15(d)" (Doc. 219)

As mentioned, on September 20, 2018, the Court struck Plaintiff's Notices of Substitution (Docs. 172, 177, 178) identifying Governor Douglas Ducey to be substituted for John Doe #10, Tammy Taylor to be substituted for Jane Doe #12, and Marquis Software to be substituted for Jane/John Doe #11. (Doc. 206 at 3). On October 12, 2018, Plaintiff filed a "Motion for Leave to File a Supplemental Pleading Pursuant to Fed. R. Civ. P. 15(d)" (Doc. 219) seeking to add Renaud Cook Drury Mesaros PA, Governor Douglas Ducey, Tammy Taylor, and Marquis Software as Defendants. Plaintiff also seeks to add claims pursuant to the Whistleblower Lawsuit Protection Act and 42 U.S.C. §§ 1985, 1986.

A supplemental complaint is different than an amended complaint. Amended pleadings under Rule 15(a) "relate to matters that occurred prior to the filing of the original pleading, and entirely replace the earlier pleading." 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1504 (3d. ed. 1998). In contrast, supplemental pleadings under Rule 15(d) "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." *Id*. "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings" as it is "a tool of judicial economy and convenience." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a

separate, distinct and new cause of action" that should have been the subject of a separate suit. *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

In his Motion, Plaintiff references the access-to-courts claim in Count One of the Third Amended Complaint. (Doc. 219 at 2). Plaintiff states that "[i]n the process of confiscating ('Gamez's') legal material ('Count One Defendants') breached several privacy rights e.g. attorney/client; work/product; doctor/patient privilege." (*Id.*). Plaintiff further alleges that "it has become more apparent that ('Corizon Defendants') have conspired with ('ADC') and prehaps [sic] ('A.G.s') office to thwart ('Gamez's') access to his confidential legal material in an effort to frustrate his ability to investigate his allegations . . . ." (*Id.* at 5). In addition, Plaintiff contends that the Corizon Defendants "have unethically violated [his] privacy rights by acquiring his medical records prior to this Court's initial Screening Order and than [sic] lied to the Court about when the law office of Renaud Cook Drury Mesaros PA began its investigation." (*Id.* at 5). Plaintiff asserts that his "allegations support claims to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d) adding/enjoining" (i) the Law Office of Renaud Cook Drury Mesaros PA, Douglas A. Ducey, Tammy Taylor, and Marquis Software as Defendants and (ii) claims pursuant to the Whistleblower Lawsuit Protection Act and 42 U.S.C. §§ 1985, 1986. (*Id.* at 1, 5).

To the extent that Plaintiff's allegations set forth in his Motion (Doc. 219) relate to events occurring before this action was filed, Plaintiff's Motion (Doc. 219) is an untimely motion to amend the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). *See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that a district court properly denied a motion as untimely where it was filed after the applicable scheduling order deadline and the movant "never requested a modification" of the scheduling order), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.,* 77 F.3d 1170 (9th Cir. 1996); *Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (holding that a district court

properly denied a motion as untimely where the motion was filed after the deadline set forth in the scheduling order and the movant did not request a modification of the scheduling order).

To the extent that Plaintiff's allegations set forth in his Motion (Doc. 219) relate to events after this action was filed and represent separate causes of action that are distinct from the causes of action currently at issue, the Court does not find that judicial efficiency would be served by permitting Plaintiff to add those new claims and new defendants. To reiterate, the goal of Rule 15(d) is judicial efficiency. *Keith*, 858 F.2d at 473. Plaintiff's Motion (Doc. 219) will be denied.

### G. Plaintiff's "Motion Requesting that this Court Order Hughes and B. Jacobs to File a Response to ('Gamez's') Motion for Preliminary Injunction dkt 151" (Doc. 239)

In his November 2, 2018 Motion (Doc. 239), Plaintiff requests that the Court order Defendants Hughes and B. Jacobs to "respond, defend or consent to [Plaintiff's] Request for Preliminary Injunction." For good cause shown, the Court will grant Plaintiff's request and will direct Defendants Hughes and B. Jacobs to respond to Plaintiff's Motion for Preliminary Injunction (Doc. 151).

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying as moot Plaintiff's September 21, 2018 Motion (Doc. 207).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Enforce Court Ruling ('dkt. 143')" (Doc. 209).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Appoint Counsel ('Third Request')" (Doc. 212).

**IT IS FURTHER ORDERED** denying Plaintiff's "Request to Disqualify Joseph E. Deylo as Counsel of Record for Defendant Allen and Garcia" (Doc. 216).

**IT IS FURTHER ORDERED** denying Plaintiff's "Request to Disqualify the Law Office of Renaud Cook Drury Mesaros PA" (Doc. 221).

**IT IS FURTHER ORDERED** granting Defendants Allen and Garcia's "Motion to Extend Discovery Deadline and Dispositive Motion Deadline" (Doc. 217).

**IT IS FURTHER ORDERED** extending the deadline for completing discovery as to Count One of the Third Amended Complaint to **January 31, 2019**. The deadline for filing dispositive motions relating to Count One of the Third Amended Complaint is extended to **February 28, 2019**. All other deadlines are affirmed.

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion for Extention of Time to Complete Discovery on All Defendants including 'Corizon Defendants'" (Doc. 225).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion for Leave to File a Supplemental Pleading Pursuant to Fed. R. Civ. P. 15(d)" (Doc. 219).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion Requesting that this Court Order Hughes and B. Jacobs to File a Response to ('Gamez's') Motion for Preliminary Injunction dkt 151" (Doc. 239).

**IT IS FURTHER ORDERED** that Defendants Hughes and B. Jacobs shall respond to Plaintiff's Motion for Preliminary Injunction (Doc. 151) no later than **November 30, 2018**.

Dated this 13th day of November, 2018.

_Eileen S. Willett_
United States Magistrate Judge