**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Carrasco Gamez, Jr., | No. CV-17-02044-PHX-JJT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

This Order sets forth the Court's rulings on a number of pending Motions (Docs. 230, 272, 276, 292).

## I. DISCUSSION

**A. Plaintiff's "Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37" (Doc. 230)**

In his October 29, 2018 Motion (Doc. 230), Plaintiff seeks an order compelling certain non-parties to comply with subpoenas duces tecum. Non-party Federal Bureau of Investigation has filed a brief (Doc. 242) opposing the Motion (Doc. 230). For the reasons explained below, the Motion will be denied.

District courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court observes that Plaintiff filed his Motion to Compel (Doc. 230) on the last day of discovery. (Doc. 76). "The requesting party cannot delay a motion to compel with impunity." *Gault v. Nabisco Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). "A motion to compel filed on the last day of discovery [ ] may be untimely

if it could and should have been filed much earlier." *RKF Retail Holdings, LLC v. Tropicana Las Vegas, Inc.*, No. 214CV01232APGGWF, 2017 WL 2908869, at *5 (D. Nev. July 6, 2017). Courts "have looked to the non-exhaustive list of factors set forth in *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 398 (S.D. Tex. 2006), in analyzing the timeliness of a motion to compel." *Id.* Factors that courts have considered in determining the timeliness of a motion to compel include:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule.

*Days Inn Worldwide, Inc.*, 237 F.R.D. at 398.

Here, the Court's December 29, 2017 Scheduling Order (Doc. 31) set May 29, 2018 as the deadline for completing discovery. That deadline was later extended to October 29, 2018. (Doc. 76). The Court directed the issuance and service of the subpoenas duces tecum to facilitate Plaintiff's discovery of the identities of the anonymous Defendants. (Doc. 84). The subpoenas duces tecum at issue in Plaintiff's Motion to Compel were served in June 2018. (Docs. 121, 122, 243-1 at 7). The deadline for Plaintiff to file notices of substitution regarding the anonymous Defendants expired on August 29, 2018. (Doc. 126). The Court finds that Plaintiff unduly delayed filing his October 29, 2018 Motion to Compel (Doc. 230). The balance of the factors set forth in *Days Inn Worldwide, Inc.*, 237 F.R.D. at 398, weigh in favor of denying the Motion (Doc. 230) on the basis that it is untimely. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) ("If the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely.") (quoting 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2285 (1994 & Supp. 1998)); *Everett v. Aldi, Inc.*, No. 1:07-CV-275, 2009 WL 940379, at *2 (N.D. Ind. Apr. 6, 2009) (internal citations omitted) (Noting that "several district courts have articulated that '[w]here a party has

waited to bring a motion to compel until the eve of a discovery deadline, the court is justified in denying the motion'"); *Grey v. Dallas Indep. Sch. Dist.*, 265 F. App'x 342, 348 (5th Cir. 2008) ("Even if we accept Grey's contention that additional discovery would have enabled him to prove his Title VII race discrimination claim, we are not required to find that the district court abused its discretion by denying his motion to compel discovery, because it was filed on the day of the discovery deadline after an extensive discovery period.").

Moreover, the Court does not find that the information that is the subject of the Motion to Compel (Doc. 230) is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1) ("In determining proportionality, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."); *see also Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) (discovery is not to be used for a fishing expedition to investigate mere speculation). Plaintiff's Motion (Doc. 230) will be denied.

**B. Plaintiff's "Motion for Court Order to Serve Subpoena Duces Tecum Re: Plaintiff's Delayed Motion for Extension of Time to File Plaintiff's Written Certification . . ." (Doc. 272)**

In an August 29, 2018 Order (Doc. 185 at 3), the Court set September 19, 2018 as the deadline for Plaintiff to file a written certification stating whether expert testimony is necessary to prove the healthcare professional standard of care for his medical malpractice claim in Count III of the Third Amended Complaint. It subsequently came to the Court's attention that Plaintiff may not have timely received that Order. In a September 26, 2018 Order (Doc. 208), the Court extended the deadline for Plaintiff to file the required written certification to October 5, 2018.

Plaintiff did not file his written certification by the October 5, 2018 deadline. On November 20, 2018, the Corizon Defendants filed a "Motion to Dismiss Plaintiff's Medical Malpractice Claim (Count III) Pursuant to ARIZ. REV. STAT. § 12-2603(F)"

(Doc. 252). On November 28, 2018, Plaintiff filed a document captioned as "('Gamez') provides this Court Written Cerification [sic] that Expert Testimony is NOT Required to prove ('Corizon Defendants') deviated from the Professional Standard of Care Pursuant to ARIZ. REV. STAT. § 12-2603" (Doc. 266). Plaintiff states in his filing that expert testimony is not required with respect to Plaintiff's claim in Count III of the Third Amended Complaint.

On December 3, 2018, Plaintiff filed a motion captioned as "Plaintiff's Motion for Court Order to Serve Subpoena Duces Tecum Re: Plaintiff's Delayed Motion for Extension of Time to File Plaintiff's Written Certification of Time to File Plaintiff's Written Certification Whether Expert Testimony is Required Pursuant to ARS Section 12-7603(B), Due to Plaintiff's Excusable Neglect" (Doc. 272). Plaintiff states that he "actually received the Court's September 25, 2018 Order (Doc. 208) on October 16, 2018, via the ADOC CM/ECF electronic mail system as officially documented and recorded by ADOC staff per his 'signed and dated receipt of October 16, 2018.'" (Doc. 272 at 3). Plaintiff seeks the issuance of a subpoena duces tecum to obtain a copy of his signed and dated receipt of the Court's September 25, 2018 Order (Doc. 208). No response has been filed and the time to do so has passed. *See* LRCiv 7.2(i). The Court will grant Plaintiff's Motion (Doc. 272) to the following extent: the Court will require Defendant Ryan to file a notice as to whether the Arizona Department of Corrections has a record of when Plaintiff received a copy of the Court's September 25, 2018 Order (Doc. 208) and to file a copy of the record, if such record exists.

**C. Plaintiff's "Motion to Extend this Court's Discovery Deadline to Reply to Corizon Defendant's Discovery Responses to Plaintiff's Interrogatories . . . ." (Doc. 276)**

In his December 10, 2018 Motion (Doc. 276), Plaintiff explains that he served discovery on Defendants on the last day of the discovery (October 29, 2018). Plaintiff disputes Defendants' responses to the discovery requests and requests that the Court reopen discovery and extend the discovery deadline to February 11, 2019 to facilitate resolution of the discovery disputes. In their Response (Doc. 283), Defendants assert that

Plaintiff has failed to show good cause or excusable neglect. In his Reply, Plaintiff contends that he had a

> justifiable legal disability from June of 2017 through present date of (b)eing [sic] physically denied access to his (p)ersonal [sic] legal research materials at ADOC; thereby (p)reventing [sic] him from conducting the necessary legal research in which "to determine, draft and propound" his aforesaid six sets of interrogatories at issue; and therefore he was unable to propound the six sets of interrogatories until he obtained and received (s)econdary [sic] duplicate legal materials provided to him on October 26, 2018.

(Doc. 290 at 6). Plaintiff's contention above is belied by the docket. Throughout this case, Plaintiff has filed numerous motions articulating legal arguments that are supported by legal citations. Plaintiff has filed a number of Motions that requested a discovery conference concerning prior discovery that he has served on Defendants. (*See, e.g.*, Doc. 79, 85, 97, 100). Indeed, the Court extended the discovery deadline to October 29, 2018 at a discovery conference addressing Plaintiff's discovery disputes. (Doc. 76). Plaintiff has failed to show good cause or excusable neglect that would justify reopening discovery. The Court will deny Plaintiff's "Motion to Extend this Court's Discovery Deadline to Reply to Corizon Defendant's Discovery Responses to Plaintiff's Interrogatories . . . ." (Doc. 276).

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiff's "Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37" (Doc. 230).

**IT IS FURTHER ORDERED** denying in part and granting in part Plaintiff's December 3, 2018 Motion (Doc. 272) as follows: By **February 1, 2019**, Defendant Ryan shall file a notice as to whether the Arizona Department of Corrections has a record of when Plaintiff received a copy of the Court's September 25, 2018 Order (Doc. 208). If the record exists, Defendant Ryan shall attach a copy of record to the notice.

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Extend this Court's

Discovery Deadline to Reply to Corizon Defendant's Discovery Responses to Plaintiff's Interrogatories . . . ." (Doc. 276).

**IT IS FURTHER ORDERED** granting, for good cause shown, Defendant Hughes and Jacobs' "Motion for Stay of Case as it Relates to Them Due to Federal Government Shutdown" (Doc. 292).

Dated this 18th day of January, 2019.

_____
Eileen S. Willett
United States Magistrate Judge