WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Carrasco Gamez, Jr., | No. CV-17-02044-PHX-JJT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

This Order sets forth the Court's rulings on a number of pending Motions (Docs. 305, 317, 318, 322, 323, 330).

## I. DISCUSSION

**A. Plaintiff's "Motion to Hold ('ADC') Defendants in Civil Contempt in Response to 19 Dec 18 Court Order ('dkt. 291') Re: Enforcement of ('ADC') Department Order 902 Inmate Access to the Court" (Doc. 305)**

In his January 15, 2019 Motion (Doc. 305), Plaintiff requests that the Court hold Defendants employed by the Arizona Department of Corrections (the "ADC Defendants") in civil contempt. Federal Rule of Civil Procedure 37 provides for civil contempt instead of, or in additional to, other sanctions. "Civil contempt is characterized by the court's desire to compel obedience to a court order, or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (citations omitted). Thus, "[c]ivil contempt sanctions . . . are employed for two purposes: to coerce the defendant into compliance with

the court's order, and to compensate the complainant for losses sustained." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (1992). Contempt must be proven by clear and convincing evidence. *Vertex Distributing, Inc. v. Falcon Foam Plastics, Inc.*, 689 F. 2d 885, 889 (9th Cir. 1982). A party should not be held in contempt if his conduct "appears to be based on a good faith and reasonable interpretation of the [court's order]." *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982) (internal quotation marks and citation omitted).

In his Motion, Plaintiff alleges that the ADC Defendants "continue to deny [Plaintiff] access to his legal documents despite their knowledge of a Court Order." (Doc. 305 at 2). Plaintiff contends that the ADC Defendants have failed to comply with the Court's December 19, 2018 Order, which required the ADC Defendants to (i) "promptly allow Plaintiff to exchange his legal boxes within the parameters of DO 902"; and (ii) "provide Plaintiff with an inventory of the boxes that were returned to him by the FBI." (Doc. 291 at 6). The Court's Order also required the ADC Defendants to provide "Plaintiff with an inventory of the seized boxes that were returned to him by the FBI and file a Notice of doing so with the Court" within fourteen days of the Order. (*Id.* at 7). On January 3, 2019, Defendants Allen and Garcia notified the Court that on January 2, 2019, ADC provided Plaintiff with the inventory of seized boxes that were returned to him by the FBI. (Doc. 295).

In responding to Plaintiff's Motion (Doc. 305), Defendants Allen and Garcia have produced a copy of an ADC inmate letter from Plaintiff that is dated January 18, 2019. (Doc. 316-1 at 3). The letter states: "All issues regarding legal exchange are resolved." (*Id.*). Plaintiff's request to strike the letter will be denied. (Doc. 330). Plaintiff has not presented sufficient grounds for holding the ADC Defendants in contempt. The Court will deny Plaintiff's "Motion to Hold ('ADC') Defendants in Civil Contempt in Response to 19 December 18 Court Order ('dkt. 291') Re: Enforcement of ('ADC') Department Order 902 Inmate Access to the Court" (Doc. 305).

**B. Plaintiff's January 28, 2019 Filings (Docs. 317, 318)**

On December 29, 2017, the Court issued a Scheduling Order that prohibits the parties from filing a document that contains more than one motion. (Doc. 31 at 4). In underlined text, the Scheduling Order warned the parties that "[a] document that fails to comply with this requirement may be stricken by the Court." (*Id.*).

On January 28, 2019, Plaintiff filed two documents that each contain and relate to multiple motions. (Docs. 317, 318). As they violate the Scheduling Order, the Court will strike the filings (Docs. 317, 318).

**C. Plaintiff's "Motion for Clarification [Re: Scheduling Order ('dkt. 244')]" (Doc. 322)**

In his February 4, 2019 Motion (Doc. 322), Plaintiff seeks clarification regarding the timeliness of Plaintiff's February 15, 2019 deposition. As Defendants note in their Response (Doc. 324), the Court extended the discovery deadline to March 29, 2019. (Doc. 320). Therefore, the February 15, 2019 deposition is timely. Plaintiff's Motion for Clarification (Doc. 322) is granted to the extent set forth above.

**D. Plaintiff's "Motion Requesting Court Order Lifting the Court's Previous Order (Doc. 308) Granting Defendant's Hughes and Jacobs Stay of Proceeding Due to Federal Government Shutdown as Moot (Doc. 292)" (Doc. 323)**

On January 22, 2019, the Court granted Defendants Hughes and Jacobs' "Motion for Stay of Case as it Relates to Them Due to Federal Government Shutdown" (Doc. 292). As Plaintiff's Motion (Doc. 323) correctly notes that the government shutdown has ended, the Court will grant Plaintiff's Motion (Doc. 323).

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Motion to Hold ('ADC') Defendants in Civil Contempt in Response to 19 Dec 18 Court Order ('dkt. 291') Re: Enforcement of ('ADC') Department Order 902 Inmate Access to the Court" (Doc. 305).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion for Court Order to Formally Retract from the Record Plaintiff's ADC Inmate Letter . . . ." (Doc. 330).

**IT IS FURTHER ORDERED** striking Plaintiff's January 28, 2019 filings (Docs. 317, 318).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion for Clarification [Re: Scheduling Order ('dkt. 244')]" (Doc. 322) to the extent set forth herein.

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion Requesting Court Order Lifting the Court's Previous Order (Doc. 308) Granting Defendant's Hughes and Jacobs Stay of Proceeding Due to Federal Government Shutdown as Moot (Doc. 292)" (Doc. 323).

**IT IS FURTHER ORDERED** lifting the stay of this case as to Defendants Hughes and Jacobs.

Dated this 5th day of March, 2019.

Eileen S. Willett
United States Magistrate Judge